UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JEFFREY DARRELL CALAHAN**<br>    **LA. DOC #530357**<br>**VS.** | **CIVIL ACTION NO. 3:11-cv-1241**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN RONNIE HARRIS, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

*REPORT AND RECOMMENDATION*

*Pro se* plaintiff Jeffrey Darrell Calahan, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 30, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the East Carroll Detention Center (ECDC), Lake Providence, Louisiana, and he complains in general that the facility lacks security and that excessive force is used to punish inmates for rule violations. He sued ECDC and its warden Ronnie Harris praying for a transfer to another LDOC facility and for an investigation of the facility. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

Plaintiff complains that ECDC lacks security. He claims that his life is in danger because "there is little or no security" and "they allow fights." He implies that the corrections officers "are sleeping on their job not paying attention at all." He also claimed that "inmates upon rule violations are handcuffed [and] sprayed with maze [sic] and beaten by security which is forbeden [sic] by

security." As noted above, he prayed only for a transfer and for an investigation.

## *Law and Analysis*

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v.*

*Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint, while short on factual support, adequately sets forth his claim for relief; further amendment is not necessary.

***2. Standing***

Plaintiff invokes the jurisdiction of this court and seeks redress pursuant to 42 U.S.C. §1983.[1] That statute creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir.2002), *cert. denied*, 539 U.S. 914, 123 S.Ct. 2274, 156 L.Ed.2d 130 (2003).

The jurisdiction of a federal court may be invoked when a plaintiff has suffered some

---

[1] Title 42 U.S.C. §1983 provides "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state ... subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured ...."

threatened or actual injury as a result of an allegedly unconstitutional action. The judicial powers given to federal courts under Article III of the United States Constitution exist only to redress or protect against injury to a complaining party. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

Therefore, in order to have "standing" to bring a claim in a federal court, a plaintiff must allege actual or threatened "injury in fact, economic or otherwise." *Association of Data Processing Orgs. v. Camp*, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling." *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir.) (*en banc*), *cert. denied*, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 135 (1992)." Plaintiff claims, in a conclusory fashion, that ECDC lacks security and that he fears for his life; he also claims that inmates are hand-cuffed, sprayed with chemical agents, and beaten by security guards. However, other than his generalized fear, he has not alleged that **HE** suffered any injury as a result of the alleged lack of security; nor has he claimed that he suffered any injury at the hands of the prison guards. Since plaintiff sustained no identifiable injury as a result of the complained of lack of security or excessive force employed by unidentified security guards he lacks standing to sue under §1983.

*3. Transfer*

Plaintiff demands his transfer to another prison. However, such relief is not available, even if his claims are otherwise meritorious. Plaintiff is an LDOC inmate. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed

to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

Therefore, to the extent that plaintiff seeks an order directing the defendants to transfer him to another prison, his claim should be dismissed for failing to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, August 22, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE